## LEDBETTER *v.* THE STATE.

*Atkinson, J.*—There was sufficient evidence to warrant the verdict; and there being no error of law complained of, this court will not interfere with the discretion of the trial judge in refusing to grant a new trial                    *Judgment affirmed.*

March 18, 1895.

Indictment for adultery and fornication.    Before Judge Gober.    Cobb superior court.    November term, 1894.

After verdict of guilty, defendant moved for a new trial on the grounds, that the verdict was contrary to law and evidence, and without evidence to support it.    The motion was overruled.    The case made by the State was:    Frank Wilmoth, the husband of Lulie Wilmoth, sent for his sister, Amanda Kendrick, to come to his house.    She went and met him in a pine thicket near the house, and from

there they went to the house and looked from the outside through a knot-hole about the size of a lead pencil or a man's little finger, into a room where defendant and Mrs. Wilmoth were sitting upon two chairs side by side.   Defendant got up, looked out the door, returned and said, "Frank's gone."   Mrs. Wilmoth said, "I am afraid he is not gone."     She put her foot on defendant's foot; he pulled up her dress, and they had sexual intercourse there on the chair.   Frank Wilmoth seized an axe, ran into the house, and ran defendant off.

The testimony for defendant was, that he went to Wilmoth's house and took dinner, but that nothing wrong occurred between him and Mrs. Wilmoth.   After dinner, Wilmoth, who had been on a spree for over a week, said he would go out and see if he could get work to do.   He went out, and in a few minutes his daughter came in and said he was standing out in the chimney-corner and wanted to know what he meant.   Defendant got up and left, and had been gone out of sight for some time when Wilmoth came in with an axe and struck at his wife with it.   She avoided the blow in part, being struck on the back with the axe-handle, and asked him what he meant.   He said he saw defendant feeling her legs.   She had a warrant taken out charging her husband with assault with intent to murder; and he swore out a warrant charging defendant with adultery.   Mrs. Wilmoth never had sexual intercourse with defendant that day nor at any other time. Mrs. Kendrick was not there that day until Mrs. Wilmoth had taken her children and gone to her father's, etc.

*Mozley & Morris*, for plaintiff in error.

*G. R. Brown, solicitor-general*, by *Harrison & Peeples*, contra.